UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　Plaintiff,<br><br>　-against -<br><br><br>SIMA COE, RINAT LUSTIG ZELENKO Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021, LEVI YITZCHOK ZELENKO, ESTHER TOVA ZELENKO, E.D.Z., N.D.Z., S.N.Y.Z., M.M.Z., S.Z., L.Z. LARISA ZELENKO, FRANK ZELENKO Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021, CROSS RIVER BANK, INVESTORS BANK,<br><br>　　Defendants. | Case No. 22-cv-08435(ALC) |

**FIRST AMENDED INTERPLEADER COMPLAINT**

Guardian Life Insurance Company of America ("Guardian"), by its attorneys, Robinson & Cole LLP, for its interpleader complaint, alleges as follows:

1. Guardian issued four life insurance policies insuring the life of Vladimir Zelenko ("Vladimir"), Policy number 6748351, Policy number 6717131, Policy number 6765586, and Policy number 6765591 (together, "Guardian Policies"), having an aggregate death benefit of approximately $10,000,000.

2. Upon information and belief, Vladimir died on June 30, 2022.

3. Vladimir's current wife, his ex-wife, and a family trust, have asserted conflicting claims to the proceeds of the Guardian Policies. In addition, Vladimir and/or the family trust assigned the proceeds of three of the Guardian Policies to two different banks.

4. The remaining defendants may have claims to the proceeds of one or more of the Guardian Policies. Guardian is unable to determine which claimant(s) are entitled to some or all of the death benefits from each of the Policies, and it seeks to interplead the benefits payable under the policies.

**Parties**

5. Guardian Life is a mutual insurance company organized and existing under the laws of the State of New York.

6. Upon information and belief, Sima Coe, a/k/a Sima Chana Zelenko, a/k/a Sima Shollar ("Sima") is Vladimir's former wife, and resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

7. Upon information and belief, Rinat Lustig Zelenko ("Rinat") married Vladimir on February 14, 2018, and resides at 7153 Via Firenze, Boca Raton, Florida.

8. Upon information and belief, Levi Yitzchok Zelenko ("Levi") is Vladimir's and Sima's son (born 2002), who resides at 42 Seeley Bull Street, Monroe, New York.

9. Upon information and belief, Esther Tova Zelenko ("Esther") is Vladimir's and Sima's daughter (born 2003), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

10. Upon information and belief, E.D.Z. ("Eta") is Vladimir's and Sima's minor daughter (born 2006), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

11. Upon information and belief, N.D.Z. ("Nochem") is Vladimir's and Sima's minor son (born 2009), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

12. Upon information and belief, S.N.Y.Z. ("Shmuel") is Vladimir's and Sima's minor son (born 2010), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania .

13. Upon information and belief, M.M.Z. ("Menachem") is Vladimir's and Sima's minor son (born 2012), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

14. Upon information and belief, S.Z. ("Shira") is Vladimir's and Rinat's minor daughter (born 2018), who resides at 7153 Via Firenze, Boca Raton, Florida.

15. Upon information and belief, L.Z. ("Liba"), is Vladimir's and Rinat's minor daughter (born 2019), who resides at 7153 Via Firenze, Boca Raton, Florida .

16. Upon information and belief, Larisa Zelenko is Vladimir's mother, who resides at 42 Seeley Bull Street, Monroe, New York.

17. Upon information and belief, Frank Zelenko, also called Ephraim ("Frank") is Vladimir's brother, who resides at 10086 Southwest 77th Court, Miami, Florida.

18. Upon information and belief, the Zelenko Family Living Trust Dated December 4, 2019 was amended on or about January 5, 2021 ("Zelenko Trust").

19. Upon information and belief, Vladimir was Trustee of the Zelenko Trust until his death. Following Vladimir's death, Frank and Rinat have asserted that they are Trustees of the Zelenko Trust.

20. Upon information and belief, Cross River Bank is a corporation with its principal place of business at 885 Teaneck Road, Teaneck New Jersey

21. Upon information and belief, Investors Bank is a corporation with its principal place of business at 101 JFK Parkway, Short Hills, New Jersey.

## Jurisdiction and Venue

22. The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1335, because Guardian has issued policies of insurance of the value of more than $500, and two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to any one or more of the benefits arising by virtue of the policies of insurance.

23. Guardian is ready and willing to deposit into the registry of the Court the proceeds of the policies of insurance, plus any applicable interest, and less Guardian's reasonable attorneys' fees and costs, there to abide the judgment of the Court.

24. Venue in this District is proper because one or more of the claimants reside in this District, and/or because a substantial part of the events giving rise to the claim occurred in this District, and/or because the property that is the subject of this action is situated in this District.

**The Policies**

*Policy 351*

25. On or about March 15, 2014, Guardian issued Policy number 6748351 to Vladimir ("Policy 351").

26. Vladimir designated Sima as the sole beneficiary of Policy 351.

27. On or about October 16, 2017, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 351 as follows: Nochem, Shmuel and Menachem, in equal shares.

28. On or about March 16, 2018, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 351 as follows: Larisa as custodian for Nochem, Shmuel and Menachem, in equal shares.

29. On or about April 11, 2018, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 351 as follows: 8.33% to Frank; and the remainder to Larisa as custodian for Nochem, Shmuel, Menachem, Levi, Esther and Eta, and to Rinat as custodian for Shira, all in equal shares.

30. On or about September 4, 2019, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 351 as follows: (a) for $2,000,000 of the proceeds or

the proceeds if less, to Larisa as custodian for Nochem, Shmuel, Menachem, Levi, Esther, and Eta, in equal shares; and (b) for the balance of the proceeds, if any, to Larisa and Frank

31.    On or about December 14, 2019, Vladimir made the following changes to Policy 351: (a) he changed the owner from Vladimir to the Zelenko Trust; and (b) he revoked the prior beneficiary designation, and named the Zelenko Trust as beneficiary.

32.    On or about January 8, 2020, Vladimir, as Trustee of the Zelenko Trust, executed an Assignment of Life Insurance Policy as Collateral, assigning to Investors Bank the sole right to collect from Guardian the net proceeds of Policy 351.

33.    As of the date of Vladimir's death, the benefit payable on Policy 351 was $3,001,858.66.

**Policy 131**

34.    On or about March 24, 2014, Guardian issued Policy number 6717131 to Vladimir ("Policy 131").

35.    Vladimir designated Sima as the sole beneficiary of Policy 131.

36.    On or about October 16, 2017, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 131 as follows: Levi, Esther and Eta, in equal shares.

37.    On or about March 16, 2018, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 131 as follows: Larisa as custodian for Levi, Esther and Eta, in equal shares.

38.    On or about April 11, 2018, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 131 as follows: Larisa as custodian for Levi, Esther, Eta, Nochem, Shmuel and Menachem, and Rinat as custodian for Shira, in all in equal shares.

39. On or about August 31, 2019, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 131 as follows: equal shares to each of Rinat, Rinat as custodian for Shira, and Rinat as custodian for Liba.

40. On or about December 14, 2019, Vladimir made the following changes to Policy 131: (a) he changed the owner from Vladimir to the Zelenko Trust; and (b) he revoked the prior beneficiary designation, and named the Zelenko Trust as beneficiary.

41. On or about January 2, 2020, Vladimir, as Trustee of the Zelenko Trust, executed an Assignment of Life Insurance Policy as Collateral, assigning to Investors Bank the sole right to collect from Guardian the net proceeds of Policy 131.

42. As of the date of Vladimir's death, the benefit payable on Policy 131 was $3,0004,365.40.

**Policy 586**

43. On or about May 7, 2014, Guardian issued Policy number 6765586 to Vladimir ("Policy 586").

44. Vladimir designated Sima as the sole beneficiary of Policy 586.

45. On or about January 14, 2015, Vladimir executed am Assignment of Life Insurance Policy as Collateral, assigning Cross River Bank the sole right to collect from Guardian the net proceeds of Policy 586.

46. On or about October 26, 2017, Vladimir revoked his prior beneficiary designation, and named Rinat as new beneficiary of Policy 586.

47. On or about August 26, 2019, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 586 as follows: Larisa as custodian for Nochem, Shmuel, Menachem, Levi, Esther, and Eta.

48. On or about December 14, 2019, Vladimir made the following changes to Policy 586: (a) he changed the owner from Vladimir to the Zelenko Trust; and (b) he revoked the prior beneficiary designation, and named the Zelenko Trust as beneficiary. A representative of Cross River Bank signed the document on or about December 27, 2019 as assignee.

49. As of the date of Vladimir's death, the benefit payable on Policy 586 was $1,500,000.

***Policy 591***

50. On or about May 7, 2014, Guardian issued Policy number 6765591 to Vladimir ("Policy 591").

51. Vladimir designated Sima as the sole beneficiary of Policy 591.

52. On or about October 13, 2017, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 591 as follows: 80% to Sima and 20% to Rinat.

53. On or about March 1, 2018, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 591 as follows: 40% to Larisa as custodian for Shira; 40% to Sima; and 20% to Rinat.

54. On or about April 9, 2018, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 591 as follows: 80% to Sima and 20% to Rinat.

55. On or about August 31, 2019, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 591 as follows: Larisa as custodian for Nochem, Shmuel, Menachem, Levi, Esther, and Eta.

56. On or about December 14, 2019, Vladimir made the following changes to Policy 591: (a) he changed the owner from Vladimir to the Zelenko Trust; and (b) he revoked the prior beneficiary designation, and named the Zelenko Trust as beneficiary.

57. On or about July 7, 2022, Guardian received an email from Universal Planning & Insurance (a broker), forwarding a July 7, 2022 email from an attorney at Greenspoon Marder LLP, stating: "We just received this form signed 3 weeks ago by Dr. Zelenko. Please forward to Guardian for processing[.]"

58. The attorney's email included a Request for Beneficiary Change for Individual Life Policies, identifying the policy as Policy Number 6765591, stating the owner is Vladimir, naming Rinat as beneficiary, and containing what purports to be Vladimir's signature, which purports to be dated June 11, 2022.

59. This Request for Beneficiary Change was received after Vladimir's death, did not accurately reflect the Zelenko Trust as owner of Policy 591, and did not indicate that Vladimir's purported signature was in his capacity as Trustee of the Zelenko Trust.

60. As of the date of Vladimir's death, the benefit payable on Policy 591 was $2,500,000.

**The Claims**

61. On or about July 8, 2022, David BenHaim, attorney for Sima, emailed Guardian regarding Policy 351, Policy 131, Policy 586, or Policy 591 (together, "Guardian Policies"), stating:

> Pursuant to the divorce decree (attached), Vladimir was to designate Ms. Shollar [Sima] as an irrevocable beneficiary on each of the policies with Ms. Shollar being entitled to a total of $2 million across the four policies.
>
> It has come to her attention that notwithstanding assurances given by Vladamir's counsel at the time, Vladamir may not have properly named Ms. Shollar as the beneficiary.
>
> We therefore respectfully request that Guardian not pay any of the death benefit to anyone on the four policies listed before these issues are resolved.
>
> I would imagine that should Ms. Shollar and the estate be unable to come to an agreement, Guardian will seek to interplead the funds. We respectfully request

> that you allow the parties an opportunity to see if the dispute can be resolved before interpleading and if the parties are unable to resolve, that Guardian inform us of the interpleader action.

62. On or about July 26, 2022, Rinat submitted a claim for benefits under Policy 591.

63. On or about August 2, 2022, Sima submitted a claim for $2,000,000 in benefits under Policies 351, 131, 586, and 591.

64. Sima submitted to Guardian a Stipulation of Settlement dated August 15, 2017 in the action *Sima Zelenko v. Vladimir Zelenko*, Index No 001062/16 (Supreme Court: Rockland County) ("Divorce Settlement"), which provided:

> The Husband [Vladimir] agrees to continue to maintain a life insurance policy, having an aggregate death benefit of at least $2,000,000 and shall designate the Wife [Sima] as the irrevocable beneficiary until the Emancipation of the Children [Levi, Esther, Eta, Nochem, Shmuel, and Menachem] and the termination of the Wife's maintenance obligation, whichever occurs last. Upon the emancipation of the first three children to emancipate the Husband may reduce this policy to $1,000,000. The Husband shall not borrow against said policy, or pledge or hypothecate it in any way if such borrowing or pledging reduces the principal payable on death.

65. On September 1, 2022, Sima commenced this action, identifying Policies 351, 131, 586 and 591 as the "Guardian policies," and alleging that, pursuant to the Stipulation of Settlement, Vladimir "expressed an intent to name plaintiff an irrevocable beneficiary of $2 million of the death benefit in the Guardian policies insuring his life."

66. On September 19, 2022, Frank, identifying himself as a Trustee of the Zelenko Trust, submitted a claim for benefits under Policies 351, 131 and 586.

67. On September 20, 2022, Rinat filed suit against Guardian in the United States District Court for the Southern District of Florida, demanding judgment for the entire $2,500,000 death benefit under Policy 591.

## The Conflicts

68.     Sima and Rinat have both claimed entitlement to some or all of the proceeds of Policy 591.

69.     The document purporting to change the beneficiary of Policy 591 from the Zelenko Trust to Rinat had several potential anomalies that might be subject to challenge by Sima and/or the Zelenko Trust: (a) though it purportedly was signed about three weeks before Vladimir died, it was not submitted to Guardian until a week after he died; (b) it states that Vladimir is the owner of Policy 591, but the Zelenko Trust was the owner of Policy 591; and (c) Vladimir's purported signature is not as Trustee of the Zelenko Trust.

70.     As of the date of his death, Sima was not a named beneficiary of any of the Guardian Policies.

71.     Sima and Rinat each contend that they are primary beneficiaries of Policy 591.

72.     Sima and the Zelenko Trust each contend that they are primary beneficiaries of Policies 351, 131 and 586.

73.     Guardian is presently unaware of the debt, if any, owed to Investors Bank that is secured by the assignment of proceeds of Policy 351 and Policy 131.

74.     Guardian is presently unaware of the debt, if any, owed to Cross River Bank that is secured by the assignment of proceeds of Policy 586.

75.     Guardian cannot determine the proper beneficiaries of the Guardian Policies without risking exposure of itself to multiple liabilities, including to Sima, Rinat, the Zelenko Trust, Levi, Esther, Eta, Nochem, Shmuel, Menachem, Shira, Liba, Larisa, Frank, Investors Bank and/or Cross River Bank.

76. As a mere stakeholder, Guardian makes no claim to the proceeds of the Guardian Policies, other than payment of its reasonable attorneys' fees and costs in connection with this action.

77. Guardian is ready, willing, and able to pay the Guardian Policy benefits in such amounts and to whichever Defendant(s) the Court shall designate.

78. Guardian will deposit into the Registry of the Court the Guardian Policy benefits, plus any applicable interest due and owing under the terms of the Guardian Policies, less its reasonable attorneys' fees and costs as approved by the Court, for disbursement in accordance with the Judgment of this Court.

79. Guardian therefore respectfully requests that this court determine to whom the proceeds of the Guardian Policies should be paid.

WHEREFORE, Plaintiff Guardian requests that the Court enter judgment:

(i) Permitting Guardian to pay the proceeds of the Guardian Policies (plus any applicable interest and less reasonable attorneys' fees and costs) into the registry of the Court, and upon such payment dismissing Guardian with prejudice from this action, and discharging Guardian from any further liability to Plaintiff or Defendant;

(ii) Restraining and enjoining the Plaintiff and Defendant by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against Guardian for recovery of the any benefits under any of the Guardian Policies;

(iii) Require that Plaintiff and Defendant litigate or settle and adjust between themselves their claims for the proceeds of the Guardian Policies, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the proceeds of the Guardian Policies, plus any applicable interest, should be paid; and

- 12 -

(iv) Award such other and further relief, including attorney's fees and costs, to which Guardian is entitled in law or equity, as this Court deems just and proper.

Dated: New York, New York
November 30, 2022

**ROBINSON & COLE LLP**

By: */s Patrick W. Begos*
Patrick W. Begos

1055 Washington Blvd.
Stamford, CT 06901
Tel. No.: (203) 462-7500
Email: pbegos@rc.com

*Attorneys for Plaintiff Guardian Life Insurance Company of America*