**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>                      Plaintiff,<br><br>-against-<br><br>SIMA COE, RINAT LUSTIG ZELENKO, Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021, LEVI YITZCHOK ZELENKO, ESTHER TOVA ZELENKO, E.D.Z., N.D.Z., S.N.Y.Z., M.M.Z., S.Z., L.Z., LARISA ZELENKO, FRANK ZELENKO Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021, CROSS RIVER BANK, INVESTORS BANK,<br><br>                      Defendants. | Case No. 22-cv-08435(ALC) |

**AMENDED ANSWER TO**
**FIRST AMENDED INTERPLEADER COMPLAINT WITH CROSS-CLAIM**

The Defendants, LEVI YITZCHOK ZELENKO, ESTHER TOVA ZELENKO, ETA DEVORAH ZELENKO, NOCHEM DOVID ZELENKO, SHMUEL NOSSEN YAACOV ZELENKO, MENACHEM MENDEL ZELENKO, LARISA ZELENKO and FRANK ZELENKO Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021 ("Defendants"), pursuant to Federal District Court Rule 15 and Rule 13(g) hereby file their amended answer to Plaintiff Guardian Life Insurance Company of America ("Plaintiff" or "Guardian") and cross-claims against Rinat Lustig Zelenko, Individually and as Trustee of the Zelenko Family Living Trust dated 12/4/19 and amended January 2021, and respond as follows:

1. Admit the allegations in paragraph 1 of the First Amended Interpleader Complaint upon information and belief.

2. Admit the allegations in paragraph 2 of the First Amended Interpleader Complaint.

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Interpleader Complaint, except admit upon information and belief that Sima asserted claims to the proceeds of the Guardian Policies.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Interpleader Complaint

5. Admit the allegations in paragraph 5 of the First Amended Interpleader Complaint upon information and belief.

6. Admit the allegations in paragraph 6 of the First Amended Interpleader Complaint.

7. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the First Amended Interpleader Complaint.

8. Admit the allegations in paragraph 8 of the First Amended Interpleader Complaint.

9. Admit the allegations in paragraph 9 of the First Amended Interpleader Complaint.

10. Admit the allegations in paragraph 10 of the First Amended Interpleader Complaint.

11. Admit the allegations in paragraph 11 of the First Amended Interpleader Complaint.

12. Admit the allegations in paragraph 12 of the First Amended Interpleader Complaint.

13. Admit the allegations in paragraph 13 of the First Amended Interpleader Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Interpleader Complaint.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Interpleader Complaint.

16. Admit the allegations in paragraph 16 of the First Amended Interpleader Complaint.

17. Admit the allegations in paragraph 17 of the First Amended Interpleader Complaint.

18. Admit the allegations in paragraph 18 of the First Amended Interpleader Complaint.

19. Admit the allegations in paragraph 19 of the First Amended Interpleader Complaint upon information and belief.

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Interpleader Complaint.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Interpleader Complaint.

22. Admit the allegations in paragraph 22 of the First Amended Interpleader Complaint.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the First Amended Interpleader Complaint.

24. Admit the allegations in paragraph 24 of the First Amended Interpleader Complaint.

## THE POLICIES

*Policy 351*

25. Admit the allegations in paragraph 25 of the First Amended Interpleader Complaint upon information and belief.

26. Admit the allegations in paragraph 26 of the First Amended Interpleader Complaint.

27. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the First Amended Interpleader Complaint.

28. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Interpleader Complaint.

29. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the First Amended Interpleader Complaint.

30. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Interpleader Complaint.

31. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Interpleader Complaint.

32. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Interpleader Complaint.

33. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the First Amended Interpleader Complaint.

*Policy 131*

34. Admit the allegations in paragraph 34 of the First Amended Interpleader Complaint upon information and belief.

35. Admit the allegations in paragraph 35 of the First Amended Interpleader Complaint upon information and belief.

36. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the First Amended Interpleader Complaint.

37. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the First Amended Interpleader Complaint.

38. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Interpleader Complaint.

39. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the First Amended Interpleader Complaint.

40. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the First Amended Interpleader Complaint.

41. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Interpleader Complaint.

42. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the First Amended Interpleader Complaint.

*Policy 586*

43. Admit the allegations in paragraph 43 of the First Amended Interpleader Complaint upon information and belief.

44. Admit the allegations in paragraph 44 of the First Amended Interpleader Complaint upon information and belief.

45. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Interpleader Complaint.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Interpleader Complaint.

47. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the First Amended Interpleader Complaint.

48. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Interpleader Complaint.

49. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Interpleader Complaint.

*Policy 591*

50. Admit the allegations in paragraph 50 of the First Amended Interpleader Complaint upon information and belief.

51. Admit the allegations in paragraph 51 of the First Amended Interpleader Complaint upon information and belief.

52. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the First Amended Interpleader Complaint.

53. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the First Amended Interpleader Complaint.

54. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Interpleader Complaint.

55. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the First Amended Interpleader Complaint.

56. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the First Amended Interpleader Complaint.

57. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the First Amended Interpleader Complaint.

58. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the First Amended Interpleader Complaint.

59. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the First Amended Interpleader Complaint.

60. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the First Amended Interpleader Complaint.

61. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the First Amended Interpleader Complaint.

62. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the First Amended Interpleader Complaint.

63. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the First Amended Interpleader Complaint.

64. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the First Amended Interpleader Complaint.

65. Admit, upon information and belief, that Sima commenced an action against Guardian as described in paragraph 65 of the First Amended Interpleader Complaint.

66. Admit the allegations in paragraph 66 of the First Amended Interpleader Complaint.

67. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the First Amended Interpleader Complaint.

68. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the First Amended Interpleader Complaint, except admit that Sima has claimed entitlement to some or all of the proceeds of Policy 591.

69. Admit the allegations in paragraph 69 of the First Amended Interpleader Complaint upon information and belief.

70. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the First Amended Interpleader Complaint.

71. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the First Amended Interpleader Complaint, except admit that Sima contends that she is the primary beneficiary of Policy 591.

72. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the First Amended Interpleader Complaint, except admit that Sima contends that she is the primary beneficiary of Policy 351, 131, and 586.

73. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the First Amended Interpleader Complaint.

74. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the First Amended Interpleader Complaint.

75. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the First Amended Interpleader Complaint.

76. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the First Amended Interpleader Complaint.

77. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the First Amended Interpleader Complaint.

78. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the First Amended Interpleader Complaint.

79. Paragraph 79 of the First Amended Interpleader Complaint contains a prayer for relief and no allegation to which a response is required, except that attorneys' fees are discretionary and inappropriate under these circumstances. To the extent a response is required, Defendants deny the allegations in the prayer for relief.

### CROSS-CLAIMS AGAINST RINAT LUSTIG ZELENKO, INDIVIDUALLY AND AS TRUSTEE OF THE ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021

### NATURE OF THE CROSS-CLAIM

80. These cross-claims are brought in response to the interpleader claim asserted by Guardian Life Insurance Company ("Guardian") in connection with a dispute involving life insurance benefits concerning the rights to proceeds of life insurance policy number 6765591 ("Policy 591") issued by Guardian upon the life of Vladimir to Vladimir.

81. Defendants' cross-claims include a claim for a declaratory judgment that the beneficiary designation form purportedly executed by Vladimir in favor of Rinat in June of 2022 be found invalid, unenforceable and a legal nullity on grounds that Vladimir lacked the necessary legal capacity to execute said beneficiary form and/or grounds that at the time the beneficiary designation was changed Vladimir was isolated by and subject to undue influence by Rinat.

### PARTIES

82. Upon information and belief, Guardian Life is a mutual insurance company organized and existing under the laws of the State of New York.

83. Sima Coe, a/k/a Sima Chana Zelenko, a/k/a Sima Shollar ("Sima") is Vladimir's former wife, and resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

84. Upon information and belief, Rinat Lustig Zelenko ("Rinat") married Vladimir on February 14, 2018, and resides at 7153 Via Firenze, Boca Raton, Florida.

85. Cross-Claimant Levi Yitzchok Zelenko ("Levi") is Vladimir's and Sima's son (born 2002), who resides at 42 Seeley Bull Street, Monroe, New York.

86. Cross-Claimant Esther Tova Zelenko ("Esther") is Vladimir's and Sima's daughter (born 2003), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

87. Cross-Claimant E.D.Z. ("Eta") is Vladimir's and Sima's minor daughter (born 2006), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

88. Cross-Claimant N.D.Z. ("Nochem") is Vladimir's and Sima's minor son (born 2009), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

89. Cross-Claimant S.N.Y.Z. ("Shmuel") is Vladimir's and Sima's minor son (born 2010), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

90. Cross-Claimant M.M.Z. ("Menachem") is Vladimir's and Sima's minor son (born 2012), who resides at 700 Elkins Avenue, Elkins Park, Pennsylvania.

91. Levi, Esther, Eta, Nochem, Shmuel, Menachem are the six oldest children of Vladimir and in descending order are ages 20 to 10.

92. Cross-Claimant Larisa Zelenko is Vladimir's mother, who resides at 345 NW 118 Avenue, Coral Springs, Florida 33071-4018.

93. Cross-Claimant Frank is Vladimir's brother and the co-trustee of the Zelenko Family Living Trust dated December 4, 2019, as Amended and Restated (the "Zelenko Trust"), as Trustee of the Article II Trusts f/b/o the six older children.

94. Upon information and belief, S.Z. ("Shira") is Vladimir's and Rinat's minor daughter (born 2018), who resides at 7153 Via Firenze, Boca Raton, Florida.

95. Upon information and belief, L.Z. ("Liba"), is Vladimir's and Rinat's minor daughter (born 2019), who resides at 7153 Via Firenze, Boca Raton, Florida.

## JURISDICTION AND VENUE

96. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1335, because the Policy 591 is valued more than $500 and two or more adverse claimants of diverse citizenship are claiming to be entitled to any one or more of the benefits arising by virtue of Policy 591.

## FACTS

97. Guardian issued four life insurance policies insuring the life of Vladimir Zelenko ("Vladimir"), Policy number 6748351, Policy number 6717131, Policy number 6765586, and Policy number 6765591 (together, "Guardian Policies"), having an aggregate death benefit of approximately $10,000,000.

98. Vladimir died on June 30, 2022. The cause of death was pulmonary artery sarcoma.

## POLICY 591

99. Upon information and belief, on or about May 7, 2014, Guardian issued Policy number 6765591 to Vladimir ("Policy 591").

100. Upon information and belief, Vladimir initially designated Sima, who he was married to at the time, as the sole beneficiary of Policy 591.

101. Upon information and belief, on or about August 31, 2019, Vladimir revoked his prior beneficiary designation, and named new beneficiaries of Policy 591 as follows: Larisa as custodian for Nochem, Shmuel, Menachem, Levi, Esther, and Eta, his six children from his marriage to Sima.

102. Upon information and belief, on or about December 14, 2019, Vladimir made the following changes to Policy 591: (a) he changed the owner from Vladimir to the Zelenko Trust; and (b) he revoked the prior beneficiary designation and named the Zelenko Trust as beneficiary.

103. Upon information and belief, on or about July 7, 2022, Guardian received an email from Universal Planning & Insurance (a broker), forwarding a July 7, 2022 email from an attorney at Greenspoon Marder LLP, stating: "We just received this form signed 3 weeks ago by Dr. Zelenko. Please forward to Guardian for processing[.]"

104. Upon information and belief, the attorney's email included a Request for Beneficiary Change for Individual Life Policies, identifying the policy as Policy Number 6765591, stating the owner is Vladimir, naming Rinat as beneficiary, and containing what purports to be Vladimir's signature, which purports to be dated either June 11th or June 17th, 2022.

105. Upon information and belief, this Request for Beneficiary Change was received after Vladimir's death, did not accurately reflect the Zelenko Trust as owner of Policy 591, and did not indicate that Vladimir's purported signature was in his capacity as Trustee of the Zelenko Trust.

106. Upon information and belief, as of the date of Vladimir's death, the benefit payable on Policy 591 was $2,500,000.

107. According to Guardian, the document purporting to change the beneficiary of Policy 591 from the Zelenko Trust to Rinat had several potential anomalies including: (a) though it purportedly was signed about three weeks before Vladimir died, it was not submitted to Guardian until a week after he died; (b) it states that Vladimir is the owner of Policy 591, but the Zelenko Trust was the owner of Policy 591; and (c) Vladimir's purported signature is not as Trustee of the Zelenko Trust.

108. Upon information and belief, in May 2022, Vladimir recorded a living will in which he discussed his desire that all eight of his children, those from Rinat and those from his first marriage to Sima, would be treated in a manner so that their needs would be provided for and that they would be able to thrive. In the Family Trust Vladimir also set forth his intention that until the children turn twenty-four (24) that the monies they would receive should be used to pay for their education, weddings, first year of married living expenses and a down payment for a house.  The purported change of beneficiary designation to Rinat as to Policy 591, however, would result in the disparate treatment of the six older children from Vladimir's marriage to Sima. It would also result in the inability for the Trust to accomplish those things Vladimir wanted to provide for his children.

109. Vladimir also had informed his family that he set up his Trust in such a way that each of his children from his first marriage would receive almost $1 million each. The purported change of beneficiary to Rinat which took place in June of 2022 does not allow that to happen.

110. Vladimir's illness became more exacerbated in the Spring of 2022.

## THE ZELENKO FAMILY LIVING TRUST

111. On December 4, 2019, Vladimir created the Zelenko Family Living Trust for estate planning purposes.

112. On January 5, 2021, Vladimir amended the Zelenko Family Living Trust ("Zelenko Trust"). The Zelenko Trust as Amended provided as follows:

    A.    Upon the Grantor's death, the Trustees herein named shall distribute from the Trust assets the sum of $2,000,000.00 outright to Sima Coe f/k/a Sima Zelenko.

    B.    Upon the Grantor's death, if survived by his wife Rinat, the Trustees herein named shall distribute the Trust assets in the following manner:

- Rinat Zelenko                            $1,000,000.00

13

- Shira Zelenko                    $1,000,000.00
- Liba Zelenko                     $1,000,000.00
- Levy Yitzy Zelenko               15% of the remainder
- Esther Tova Zelenko              15% of the remainder
- Ety Devorah Zelenko              15% of the remainder
- Nachum David Zelenko             15% of the remainder
- Shmuel Nussen Zelenko            15% of the remainder
- Menachem Mendel Zelenko          15% of the remainder
- Larisa Zelenko                   2.5% of the remainder
- Arkady Zelenko                   2.5% of the remainder
- Frank (Ephraim) Zelenko          5% of the remainder

Upon each such child attaining the age of twenty-four (24) the proceeds from such portion shall be distributed outright to such child.

113. The Family Living Trust was not revoked and remained in effect at the time of Vladimir's death.

114. Upon information and belief, Sima has made a claim as a direct beneficiary of $2 million for all of the policies by virtue of her divorce settlement agreement which provides for said amount, but has agreed that if she is successful on her claim she will waive any rights under the Trust.

115. Upon information and belief, Vladimir was Trustee of the Zelenko Trust until his death. Upon information and belief following Vladimir's death, Frank and Rinat have asserted that they are Trustees of the Zelenko Trust.

116. By virtue of the Amended Family Living Trust, Rinat and the two children from her marriage to Vladimir would receive a total of $3,000,000.00 from the life insurance proceeds. With the purported change of beneficiary in favor of Rinat, however, she would receive a total of $5,500,000.00 from the Guardian policies on her behalf and on behalf of her two children.

117. By virtue of the Amended Family Living Trust each of Vladimir's six children from his marriage to Sima would receive 15% of the remainder. In actual dollars terms each of the six children would receive the sum of approximately $665,000.00 after taking into consideration

14

claims from various banks. If the beneficiary change to Rinat is not declared invalid, however, each such child will instead receive approximately $290,000.00.

118. In addition, by virtue of the Amended Living Trust, Larisa and Arkady Zelenko (Vladimir's father) would each receive the approximate sum of $111,000.00, and Frank would receive the approximate sum of $222,000.00. If the beneficiary change to Rinat is not declared invalid, however, Larisa and Arkady will instead receive approximately $48,500.00 and Frank will receive approximately $97,000.00.

## THE EVENTS OF JUNE 2022

119. Over the period of June 10-11, 2022, while attending Shabbat services in synagogue on Friday night, Vladimir became very ill. He did not want to go to hospital. On Friday night, June 10th, Vladimir was being attended to by Sima's brother, a physician's assistant, as well as a friend who is a nurse. Said individuals told Vladimir that he needed to be taken to the hospital immediately. While supplemental oxygen was being administered to Vladimir he stated that under no circumstances would he go to die in the hospital, that he would rather die "here". The physician assistant and nurse were unable to convince Vladimir to go to the hospital at that time and found a wheelchair in the synagogue garage and wheeled him back to where they were staying.

120. June 11, 2022, the date the beneficiary change may have been executed, was a Saturday and Vladimir, as a Jewish, Chassidic, Sabbath observant individual, would not have voluntarily written anything on that day or knowingly affixed his signature to a document.

121. Vladimir was heavily medicated with at least seven medications, including pain medications, and despite resisting medical treatment was ultimately compelled to seek urgent medical care on June 11, 2022, the Sabbath day, and remained in a compromised state until he passed away nineteen days later. Also, Vladimir's condition was so dire that he could barely stand.

122. Upon information and belief, some time on or about June 11, 2022, Rinat presented Vladimir with a document for him to sign for which he did not have the capacity to sign.

123. Sima will still receive $2,000,000.00 by virtue of her August 15, 2017 divorce settlement with Vladimir which sum is also memorialized in the Amended Family Living Trust. Rinat, however, will receive $5.5 million instead of $3 million.

124. Upon information and belief, Rinat submitted the change of beneficiary form to Guardian after Vladimir's death.

125. Upon information and belief, the purported change of beneficiary form violated the provisions of the Policy and Guardian's guidelines for change of beneficiary.

126. As a result, the change of beneficiary is void and cannot effectuate any change from the previously named beneficiary.

127. As a result of Vladimir's compromised physical and mental condition, on or about June 11, 2022 Vladimir lacked the capacity to make any changes of beneficiary or was under duress.

128. As a result, the change of beneficiary is void and cannot effectuate any change from the original beneficiary.

129. Rinat exercised undue influence in convincing Vladimir to change the original beneficiary and substitute herself instead.

130. As a result, the change of beneficiary is void and cannot effectuate any change from the original beneficiary.

## FIRST COUNT
### (Claim for Declaratory Judgment)

131. Cross-Claimants Levi Yitzchok Zelenko, Esther Tova Zelenko, Eta Devorah Zelenko, Nochem Dovid Zelenko, Shmuel Nossen Yaacov Zelenko, Menachem Mendel Zelenko, Larisa Zelenko and Frank Zelenko Individually and as Trustee of the Zelenko Family Living Trust dated 12/4/19 and Amended January 2021 (herein "Cross-Claimants") repeat and reiterate each and every cross-claim in paragraphs 80 through 134 with the same force and effect as if more fully set forth herein at length.

132. Cross-Claimants maintain that the insurance beneficiary form purportedly executed by Vladimir on or about June 11, 2022, which listed Rinat Lustig Zelenko as beneficiary, if executed by Vladimir, would have been executed at a time when Vladimir was not free of any undue influence on the part of Rinat.

133. Cross-Claimants maintain that the insurance beneficiary form purportedly executed on or about June 11, 2022, which lists Rinat Lustig Zelenko as beneficiary was executed at a time when Vladimir was mentally and legally incompetent and at a time when he was isolated from his six older children and when he was subject to the undue influence of Rinat Lustig Zelenko.

134. Cross-Claimants maintain that as a result of Vladimir's lack of mental and legal competence, isolation and undue influence on Vladimir that the June 2022 insurance beneficiary designation must be declared as invalid, unenforceable and a legal nullity.

135. Rinat Lustig Zelenko had the motive and opportunity to exercise undue influence over Vladimir, and the disposition to exert under influence over Vladimir and succeeded in exerting such undue influence.

136. As a result, the change of beneficiary is void and cannot effectuate any change from the previous beneficiary designated in Policy 591.

17

## SECOND COUNT
### (Claim for Undue Influence)

137. Cross-Claimants repeat and reiterate each and every cross-claim in paragraphs 80 through 136 with the same force and effect as if more fully set forth herein at length.

138. The facts as alleged create a presumption of undue influence that cannot be rebutted.

139. As the spouse of Vladimir, Rinat had a confidential relationship to Vladimir.

140. Rinat exerted undue influence to set in motion the circumstances that resulted in a drastic change to Vladimir's estate plan for her own personal benefit and to the detriment of Cross-Claimants. The change of beneficiary was inconsistent with Vladimir's stated intentions and took place under extenuating circumstances. Rinat had the motive and opportunity to exert that influence herself, and actually exercised that influence.

141. Rinat's actions were so pervasive that the change of beneficiary as to Policy 591 was in furtherance of her intentions and not that of Vladimir.

142. The purported change of beneficiary was not freely or voluntarily made or executed by Vladimir but was obtained and procured by undue influence exerted on Vladimir by Rinat independently and/or by other person acting in concert or privity with her. Cross-Claimants therefore request the Court to invalidate the purported change of beneficiary on the grounds that it was procured through undue influence.

## THIRD COUNT
### (Duress)

143. Cross-Claimants repeat and reiterate each and every cross-claim in paragraphs 80 through 142 with the same force and effect as if more fully set forth herein at length.

144. Rinat exerted duress on Vladimir and allowed an environment of duress and coercion to be inflicted on Vladimir.

145. Said duress prevented Vladimir's estate planning intentions from being realized or exercised as a result of force and threats to Vladimir that Rinat knew or should have known were being exerted on Vladimir.

146. A change of beneficiary is procured by duress if the wrongdoer threatens to perform or did perform a wrongful act that occurred that coerced the transferor to make a change that he would otherwise have not made.

**WHEREFORE**, Defendants respectfully request that the court declare the change of beneficiary to Rinat void, together with interest including attorneys' fees and costs, and all other relief that this Court may deem just and equitable.

Dated: Garden City, New York
       February 24, 2023

                                    Law Offices of Kenneth L. Kutner

                                    By: _____
                                        Kenneth L. Kutner, Esq.
                                        *Attorney for Defendants*
                                        200 Garden City Plaza – Suite 315
                                        Garden City, New York 11530
                                        (516) 455-8755
                                        kkutner@kenkutner.com

Case No. 22-cv-08435(ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===========================================================================

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

                    Plaintiff,

-against-

SIMA COE, RINAT LUSTIG ZELENKO, et al.,

                    Defendants.
===========================================================================

**AMENDED ANSWER TO FIRST AMENDED
INTERPLEADER COMPLAINT WITH CROSS-CLAIM**

===========================================================================

Law Offices of
**Kenneth L. Kutner**
*Attorneys for Defendants*
200 Garden City Plaza – Suite 315
Garden City, New York 11530
(516) 455-8755

===========================================================================

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, at attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleasing, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for person injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ……2/24/23………             Signature………………………………………………………

                                             Print Signer's Name: Kenneth L. Kutner, Esq.

===========================================================================

*Service of a copy of the within is hereby admitted.*

*Dated:*…………………………             ……………………………………………………………
                                                       *Attorney(s) for*

===========================================================================

*PLEASE TAKE NOTICE*

☐     that the within is a (certified) true copy of a
        Entered in the office of the clerk of the within named court on

☐     that an Order of which the within is a true copy will be presented for settlement to the
        Hon.                 , one of the judges of the with-in named Court,
        at
        on                        at         M.

*Dated:*

                                            *Yours, etc.*