Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 20, 2023

**Via ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Nathan R. Lander
Member of the Firm
d +1.212.969.3566
f 212.969.2900
nlander@proskauer.com
www.proskauer.com

Re:     *Guardian Life Insurance Company of America v. Coe, et. al*, No. 1:22-cv-08435 (ALC)

Dear Judge Carter,

This firm represents Defendant Rinat Lustig Zelenko, individually, as Co-Trustee of the Family Living Trust dated December 4, 2019, as amended and restated (the "Zelenko Trust"), as Trustee of the Article VI Trusts f/b/o S.Z. and L.Z. established under the Zelenko Trust, and as natural guardian of her minor children, S.Z. and L.Z. (collectively, "Rinat") in the above-referenced matter.  On behalf of Rinat, and pursuant to Rule 2.A of Your Honor's Individual Practices, we write to request a pre-motion conference concerning Rinat's anticipated motion to strike Guardian Life Insurance Company of America's ("Guardian") reply and supporting declaration, ECF Nos. 68-69, or in the alternative, for leave to file sur-reply.

**Background**

Guardian Life Insurance Company of America ("Guardian") initiated this action as an interpleader to resolve who are the proper beneficiaries under four life insurance policies insuring the life of Vladimir Zelenko.  (*See generally* ECF No. 9).  On February 27, 2023, upon Guardian's request, the Court entered an Order to Show Cause (the "Show Cause Order") directing the defendants to show cause as to why an order should not be entered permitting Guardian to deposit the Guardian Policies' death benefits into the Court's registry, awarding Guardian attorney's fees, dismissing Guardian from the present action and discharging it from liability, and enjoining the competing claimants from initiating or prosecuting any claims affecting the Guardian Policies.  (*See generally* ECF No. 56).  Rinat subsequently responded to the Show Cause Order, indicating a lack of opposition to all of Guardian's requests except for its request for attorney's fees.  (*See* ECF No. 64).  Without obtaining leave of court, Guardian replied to the response, raising new arguments, and submitting a declaration.  (ECF Nos. 68, 69).  For the reasons below, Guardian's reply should be stricken, or alternatively, Rinat should be granted leave to file a sur-reply.

**Argument**

**The Reply Should be Stricken.**

Guardian's reply (ECF No. 69) and the declaration (ECF No. 68) filed in connection with the reply should be stricken for two reasons.  First, the Show Cause Order directed defendants to respond, but did not permit any further briefing from Guardian.  (ECF No. 56 at 2.)  Had Guardian

**Proskauer»**

The Honorable Andrew L. Carter, Jr.
March 20, 2023
Page 2

wanted to re-open briefing on the order to show cause, it could have sought leave to reply.  It did not and therefore its reply and supporting declaration should be stricken.

Second, Guardian's reply and supporting declaration should be stricken because they raise new arguments not made in connection with its initial motion.  In its initial brief, Guardian devoted two paragraphs to its attorney's fees argument.  (ECF No. 25 at 19).  And, in substance, it only provided two sentences to support its fee request:

> "To assess fees and costs in favor of the stakeholder, a court of equity must find that (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). Guardian meets all of these elements of a fee award.

(*Id.*).

Guardian has now filed a ***nine-page*** reply that is solely dedicated to its request for attorney's fees.  (ECF No. 69).  Jettisoning its initial and cursory argument that fees are traditionally awarded to a plaintiff who initiates an interpleader, Guardian now contends that fees are warranted because this interpleader "is far outside the ordinary course of [Guardian's] business" and even characterizes the interpleader as "complex and unusual." (*Id.* at 8).  The Court should not consider this new argument, which could (and should) have been raised in connection with Guardian's initial brief.  *See Hahn v. Bank of Am. Inc.*, No. 12 Civ. 4151, 2014 WL 1285421, at *16 (S.D.N.Y. Mar. 31, 2014) ("[T]he Court will not consider arguments raised for the first time on reply . . . .").

Indeed, "[i]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter[s] in reply."  *Wolters Kluwer Fin Servs. Inc. v. Scivantage*, No. 07 CV 2352, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) (citation omitted).  "Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion."  *Id.* And courts in this Circuit likewise do not consider new legal arguments raised in a reply for the first time.  *See, e.g., Craig v. City of N.Y.*, No. 20-cv-02152, 2022 WL 2238451, at *5 n.3 (E.D.N.Y. June 22, 2022) (declining to consider legal arguments appearing in a reply for the first time); *see also MCI LLC v. Rutgers Cas. Ins. Co.*, No. 06 Civ. 4412, 2007 WL 2325867, at *18 n.18 (S.D.N.Y. Aug. 13, 2007) (noting that new legal arguments raised in a reply "need not be addressed").  Guardian's reply, which raises entirely new arguments, and supporting declaration should be stricken.

**Alternatively, Rinat Should be Granted Leave to File a Sur-reply.**

In the event the Court considers the new arguments Guardian raises in its reply, Rinat seeks leave to file a sur-reply.  Under Rule 2.B of Your Honor's Individual Practices, sur-replies are not permitted without obtaining leave of the Court.  "Courts grant leave to file sur-replies when they

**Proskauer»**

The Honorable Andrew L. Carter, Jr.
March 20, 2023
Page 3

address arguments raised for the first time in a reply brief." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.,* No. 20 CIV. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022).

As discussed in the prior section, Guardian's reply and supporting declaration raise new arguments directed to Guardian's request for attorney's fees. Notwithstanding that the general rule in this Circuit is that insurers do not get fees for bringing interpleaders, *see* ECF No. 64 at 4-6 (collecting authority), Guardian now argues that this interpleader is complex and unusual and therefore fees should be awarded, *see* ECF No. 69 at 7-8. Rinat should be afforded the opportunity to address this new argument as well as the factual basis for the argument.

Respectfully submitted,

*/s/ Nathan R. Lander*
Nathan R. Lander

cc:     Plaintiff's Counsel of Record (via ECF)