UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SIMA COE, RINAT LUSTIG ZELENKO Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021, LEVI YITZCHOK ZELENKO, ESTHER TOVA ZELENKO, ETA DEVORAH ZELENKO, NOCHEM DOVID ZELENKO, SHMUEL NOSSEN YAACOV ZELENKO, MENACHEM MENDEL ZELENKO, SHIRA ZELENKO, LIBA ZELENKO, LARISA ZELENKO, FRANK ZELENKO Individually and as Trustee of the ZELENKO FAMILY LIVING TRUST DATED 12/4/19 AND AMENDED JANUARY 2021, CROSS RIVER BANK and INVESTORS BANK, <br><br> Defendants. | Case 1:22-cv-08435-ALC <br><br><br> MEMORANDUM ENDORSED |

**DEFENDANTS' UNOPPOSED MOTION FOR CHANGE OF VENUE
TO THE SOUTHERN DISTRICT OF FLORIDA**

Defendant Rinat Lustig Zelenko, individually, as Co-Trustee of the Family Living Trust

dated December 4, 2019, as amended and restated, as Trustee of the Article VI Trusts f/b/o S.Z.

and L.Z. established under the Zelenko Trust, and as natural guardian of her minor children, S.Z.

and L.Z. (collectively, "Rinat"), respectfully files this motion pursuant to 28 U.S.C. § 1404 for

change of venue to the Southern District of Florida, and states:

1.      On September 20, 2022, Rinat filed an action against Plaintiff Guardian Life

Insurance Company of America entitled *Zelenko v. The Guardian Life Insurance Company of*

*America*, Case no. 9:22-cv-81460 in the United States District Court for the Southern District of

Florida (the "Florida Case") seeking to enforce Rinat's rights under a policy insuring the life of her husband Vladimir Zelenko (the "Decedent") with a death benefit of $2,500,000.

2.      On October 3, 2022, Plaintiff Guardian Life Insurance Company of America ("Guardian") instituted this action by filing an Interpleader Complaint (ECF No. 1) concerning four life insurance policies insuring the life of the Decedent (the "Guardian Policies"). Guardian alleged that the defendants in this case made competing claims to the Guardian Policies and sought to interplead the benefits payable under the Guardian Policies.

3.      Due to the wider array of parties and issues that Guardian raised in this case, and the overlap of issues between this case and the Florida Case, Rinat and Guardian stipulated to dismissal of the Florida Case without prejudice on January 17, 2023.

4.       On June 28, 2023, the Court entered its *Agreed Order Discharging and Dismissing Guardian and Enjoining Further Litigation against Guardian Regarding Insurance Proceeds Insuring the Life of Vladimir Zelenko* (ECF No. 76)(the "Agreed Order"). The Agreed Order resolved[1] all of the competing claims with respect to three of the four Guardian Policies, provided for distributions of proceeds for three of the four Guardian Policies, and led to the dismissal of Guardian, Cross River Bank and Investors Bank from this case.

5.      The Agreed Oder also required Guardian to deliver to a check to the Clerk of Court for the $2,500,000 benefit (plus 3% accrued interest) associated with Policy Number 6765591 (the policy at issue in the Florida Case), and required the Clerk to deposit the funds into an interest-bearing account maintained by the Court (the "Interpleaded Funds").

6.      The remaining contested issue in this case is the litigation between the Decedent's

---

[1] The Agreed Order did not resolve or waive Guardian's motion for an award of attorney fees, which remains pending for the Court's consideration at ECF Nos. 22-25 and 46-47.

family members related to the entitlement for the $2,500,000 death benefit that is currently pending by way of Count II of Rinat's Crossclaim (ECF No. 37) and the Cross-Claim filed at ECF No. 52.

7.   The main witnesses[2] who are expected to testify at a trial of this case are Rinat, Larisa Zelenko and Frank Zelenko, all of whom reside in Palm Beach County, Florida.

8.   Most, if not all, of the non-party witnesses reside in South Florida.

9.   Counsel for the Cross-Complainants, Kenneth L. Kutner, Esq., has advised that his clients do not object to the transfer of this case to the Southern District of Florida[3].

10.   28 U.S. Code § 1404, entitled Change of venue, states in pertinent part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

11.   Given that the main party witnesses to this case reside in South Florida, continuing to litigate and trying this case in New York will present extraordinary challenges and disruption to the parties having to travel to New York from South Florida.

12.   Likewise, given that the non-party witnesses to this case reside in South Florida, trying this case in New York will cause significant difficulty in coordinating and compelling the attendance of the witnesses to a trial in New York.

13.   Transfer of this case to the Southern District of Florida, West Palm Beach Division, is warranted and appropriate.

---

[2] Of the remaining adult parties who could testify at trial, only one resides in New York.
[3] Attorney Kutner will seek admission *pro hac vice* to the Southern District of Florida, which Rinat does not and will not oppose.

14. If the Court grants this motion, the parties also request that the Clerk of the Court of the Southern District of New York transfer the Interpleaded Funds to the Clerk of the Court of the Southern District of Florida.

WHEREFORE, Rinat respectfully requests that the court grant this unopposed motion transferring this matter to the Southern District of Florida, West Palm Beach Division, direct the Clerk of Court to transfer the Interpleaded Funds to the Clerk of the Court of the Southern District of Florida, and grant such other and further relief as the Court deems just and equitable. Respectfully filed on this 22nd day of December 2023.

            **DGIM Law, PLLC**
            *Attorney for Defendant Rinat Lustig*
            43 West 43rd Street, Suite 70
            New York, NY 10036-7424

            By:    /s/ ***Daniel Y. Gielchinsky***
                   Daniel Y. Gielchinsky, Esq.
                   dan@dgimlaw.com

Application denied without prejudice as this is not an "unopposed" motion and it fails to comply with the requirements of Local Civil Rule 7.1(a).

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
January 2, 2024

4